In the Matter of the Application of KENNETH COOLEY, Respondent, for a Prohibition Order against Hon. ARTHUR L. WILDER, Judge of the City Court, Criminal Branch, City of Rochester, Appellant.*

Fourth Department, January 6, 1932.

* Revg. 139 Misc. 321.

257

*William F. Love* [*Clarence J. Henry* of counsel], for the appellant.

*Charles B. Bechtold*, for the respondent.

TAYLOR, J.   On April 6, 1930, the defendant, petitioner, was arrested on a charge of reckless driving in violation of section 58 of the Vehicle and Traffic Law.   He was arraigned in the City Court of Rochester, Criminal Branch, pleaded not guilty and demanded a trial by jury.   The motion was denied and exception taken. Thereafter a final order of prohibition was granted by the Supreme Court enjoining the judge of the City Court "from proceeding summarily and from trying, deciding or adjudging the action of the People of the State of New York against Kenneth Cooley, in any form or manner, except a trial by jury."   This appeal resulted.

At the outset we will dispose of respondent's claim that he is entitled to a jury trial under article 3, section 2, clause 3 of the United States Constitution, which provides that "the trial of all crimes, except in cases of impeachment, shall be by jury."   The quoted provision refers only to powers exercised by the United States, and was not intended to be applied to trials in the State courts.   (*Eilenbecker* v. *Plymouth County*, 134 U. S. 31.)

"The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever."   (State Const. art. 1, § 2.)

"Courts of Special Sessions and inferior local courts of similar character shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law, and the Legislature

may authorize them to try such offenses without a jury." (State Const. art. 6, § 18, adopted in 1869.)

Pursuant to the last quoted provision the Legislature, by section 56 of the Code of Criminal Procedure, has invested Courts of Special Sessions (except in the city and county of New York and the city of Albany) with exclusive jurisdiction to hear and determine charges of misdemeanors committed as follows: "35. All violations of the * * * vehicle and traffic * * * laws * * *."

Article 6, section 18 of the Constitution is not restricted in its meaning — as respondent claims — to offenses not serious crimes and offenses not really crimes at all, such as violations of municipal ordinances. It was held in *People ex rel. Comaford* v. *Dutcher* (83 N. Y. 240, 243) that the section "clearly comprehends all misdemeanors for which provision is made by law."

Whether an offense is a misdemeanor, or of the grade of a misdemeanor (Art. 6, § 18), does not depend upon its legislative designation. The Legislature has not the power to create a new crime of the grade of felony, provide a severe punishment for it, and by designating it a misdemeanor make it triable in a Court of Special Sessions without a common-law jury. In New York State the question whether an offense is grave or petty depends, not upon the nature of the offense nor the moral turpitude involved, but upon the punishment which has been provided for it. (*People* v. *Kaminsky*, 208 N. Y. 394.) "It is not the mere name of a crime but the punishment therefor that characterizes it." (*People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190, 197.) This brings up the question whether in the instant case the defendant has been charged with an offense which actually, and irrespective of its legislative designation, is above the grade of misdemeanor.

The Code of Criminal Procedure, section 717, conferring jurisdiction upon Courts of Special Sessions to sentence defendants after conviction, provides for a "fine or imprisonment, or both, as the case may require; but the fine cannot exceed fifty dollars, nor the imprisonment six months, except where otherwise provided by law or ordinance." In the case under consideration the punishment as fixed by section 58 of the Vehicle and Traffic Law is a fine not exceeding fifty dollars for a first offense and a fine not exceeding fifty dollars or imprisonment not exceeding six months, or both such fine and imprisonment, in the discretion of the court, for a second or subsequent offense. The typical punishment for misdemeanor is imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than $500, or by both. (Penal Law, § 1937.) The punishment provided for the offense

of reckless driving, therefore, is milder than that provided for misdemeanors generally. Applying the rule laid down in the *Craig* and *Kaminsky Cases* (*supra*), the offense of reckless driving is not of the grade above misdemeanor, and the trial for that offense lies exclusively within the jurisdiction of the Courts of Special Sessions under the above-quoted constitutional and statutory provisions.

In passing we may mention a third class of offenses which are neither felonies prosecuted by indictment and triable by a common-law jury (Art. 1, § 2), nor misdemeanors triable by Courts of Special Sessions with or without the statutory jury of six (Art. 6, § 18), but petty offenses triable summarily by a magistrate without a jury. Within this category are cases of persons charged with intoxication, vagrancy, with being disorderly persons, etc.; also many cases of violation of municipal ordinances. (Village Law, § 180; Second Class Cities Law, § 183.) These minor offenses, below the grade of misdemeanors, have always constituted in our law a class by themselves. (*Tenement House Department* v. *McDevitt*, 215 N. Y. at p. 168.) Denial of a jury trial in such cases is not a violation of the general constitutional provisions. (*People* v. *Van Houten*, 13 Misc. 603; affd., 91 Hun, 638; *People* v. *Harding*, 115 Misc. 298.)

The City Court of the city of Rochester (being a Court of Special Sessions, Laws of 1918, chap. 495, § 474) had exclusive jurisdiction to try and determine the charge of misdemeanor herein. This disposes of the contention of the defendant that he is entitled to a jury trial under article 1, section 2, of the Constitution. The jury there referred to is a common-law jury of twelve men (*People ex rel. Murray* v. *Justices*, 74 N. Y. 406; *People ex rel. Frank* v. *McCann*, 253 id. 221); and such a jury has never been used in this State in Courts of Special Sessions, either before or since the adoption of the Constitution. The Special Sessions jury is a six-man jury and the statutory provisions relating to trials in such courts (Code Crim. Proc. §§ 699 *et seq.*) are applicable. Section 702 provides that before the court hears any testimony upon the trial the defendant may demand a trial by jury. Subsequent sections provide for the drawing of such a jury, and section 710 provides that when six jurors appear and are accepted they constitute a jury. It follows that the defendant was within his statutory rights in demanding that he be tried by a jury of six.

Counsel have not specifically called to our attention the question whether respondent could invoke the remedy of prohibition under the facts presented. However, in the interest of correct procedure and precedent, we take up that point.

The order (formerly the writ) of prohibition finds so little favor

in the courts that it has been said that necessity alone justifies it. It is a creature of statute and may be allowed — not as a matter of right — but only in the exercise of sound judicial discretion when there is no other remedy. If it runs, as it may, from a superior to an inferior court in a matter of which the lower court has jurisdiction, its object will never be to give relief from action taken or to correct or prevent errors which may be taken care of by an appeal. While it runs against the exercise of unauthorized power in a proceeding, " it is justified only by 'extreme necessity' when the grievance cannot ' be redressed by ordinary proceedings at law' or in equity, or by appeal." (*People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383; *People ex rel. Childs* v. *Extraordinary Trial Term*, 228 id. 463.)

In *People ex rel. New York Disposal Corp.* v. *Freschi* (173 App. Div. 189) the court declined to grant an order of prohibition under this state of facts: An information was laid before a city magistrate charging defendant with a violation of the Sanitary Code. The magistrate summarily remitted the case to the Court of Special Sessions. When the case came up in the latter court the defendant, before pleading, moved to send the case back to the magistrate on the ground that under the Inferior Criminal Courts Act of the City of New York (Laws of 1910, chap. 659, § 44, as added by Laws of 1915, chap. 531), defendant not consenting, the magistrate had no authority to remit the case to the Court of Special Sessions. This motion was denied. The Appellate Division held that the defendant had raised the question of jurisdiction, and that prohibition would not be allowed since ample relief might be had through an appeal. (See, also, *Matter of Miller*, 82 Cal. 454; *Matter of Brandon*, 49 Ark. 143; *Williams* v. *Hert*, 157 Ind. 211.)

The reasoning adopted in the *Freschi* case is applicable here. The City Court of Rochester had jurisdiction of the person of respondent and of the subject-matter of the action. Its denial of a demanded right to a jury trial was noted by an exception taken. If conviction follows a trial without a jury of six men an appeal may be taken. (Code Crim. Proc. §§ 749, 750.) And upon that appeal every claim made by respondent on the trial may be urged and every determination of law or fact be reviewed. The occasion is not one permitting resort to the drastic remedy of prohibition and the orders appealed from should be reversed, with costs, and the application denied, with fifty dollars costs and disbursements.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Final order reversed on the law, with costs, and application denied, with fifty dollars costs and disbursements.