THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* EMANUEL BUSH, Respondent.

County Court, Niagara County, October 13, 1936.

*W. Alfred Brim, Corporation Counsel,* for the appellant.

*Tuttle, Rice, Stockwell & Rice [Glenn A. Stockwell* of counsel], for the respondent.

GOLD, J. On the 15th day of July, 1936, information was filed in the Police Court in the city of Lockport, N. Y., charging the defendant with a violation of section 13, subdivision 2, of the Speed Regulations and the Traffic Ordinance of the city of Lockport in that on or about the 27th day of June, 1936, he did operate and drive his automobile at an illegal and excessive rate of speed contrary to and in violation of said speed regulations and traffic ordinance, which permits a speed not in excess of twenty miles per hour.

On June 29, 1936, the defendant appeared in court and pleaded not guilty and demanded a jury trial. Thereafter, on July 6, 1936, a jury was drawn in Police Court. The matter was adjourned to July 15, 1936, at which time the corporation counsel of the city of Lockport appeared and moved to dismiss the jury and objected to a trial by jury. He claimed that there being no misdemeanor charged in the information and the defendant being held for a violation of the ordinance above referred to, the defendant was not entitled to trial by jury and that the case had to be passed upon by the court without a jury. The court denied the motion.

The complainant appealed to this court from the order denying such motion and the matter comes to this court for review and determination.

Section 13, subdivision 2, of the Speed Regulations and Traffic Ordinance of the City of Lockport provides as follows:

" 13. Speed Regulations.

" 2. The Superintendent of Streets shall erect and keep in repair signs of sufficient size with letters easily readable by a person using the highway, such letters to be at least six inches in height and to read ' City of Lockport, slow down to 20 miles per hour,' which is hereby established as the speed limit in this city; and also an arrow pointing in the direction where the speed is to be reduced or changed. Such signs shall be placed conspicuously within fifteen feet of the travelled portions of each main public highway where the line crosses the same, or at a point within the limits of such city on such highway, and within fifteen feet of the travelled portion of every main public highway where the rate of speed changes; and shall be erected on posts on each side of the highway, the top of the sign to be not more than eight feet and not less than six feet from the ground. All signs so erected shall be adequately illuminated between sunset and sunrise. All persons shall observe said warnings and comply with the speed terms therein set forth.

" Every person violating the provisions of this subdivision shall be punishable by a fine not exceeding one hundred dollars or by imprisonment for thirty days or both such fine and imprisonment."

By section 324 of the City Charter of the City of Lockport (Laws of 1911, chap. 870), a violation of the traffic ordinance is made a misdemeanor.

On May 9, 1934, subdivision 28, added to section 2 of the Vehicle and Traffic Law of the State of New York, by chapter 485 of the Laws of 1934, became effective. This subdivision was renumbered subdivision 29 by chapter 67 of the Laws of 1935 and provides as follows:

" 29. Traffic infraction. A ' traffic infraction ' is the violation of any provision of this chapter, or of any local law or ordinance governing or regulating traffic, where a penalty or other punishment is prescribed and which is not expressly declared by this chapter to be a misdemeanor or a felony. A traffic infraction is not a crime, and the penalty or punishment imposed therefor shall not be deemed for any purpose a penal or criminal penalty or punishment, and shall not affect or impair the credibility as a witness, or otherwise, of any person convicted thereof. The definition herein prescribed shall be retroactive and shall apply to all acts and violations heretofore committed, where such acts and violations would, if committed subsequent to the taking effect of this subdivision, be included within the meaning of the term ' traffic infraction ' as herein defined. Courts and judicial officers heretofore exercising jurisdiction over such acts and violations as misdemeanors or otherwise shall continue to exercise jurisdiction over traffic infractions as herein defined, and for such purpose such acts and violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors, except as herein otherwise expressly provided, shall apply to traffic infractions."

It is contended by the appellant that by this section traffic infractions are misdemeanors for the sole purpose of jurisdiction and that the section, by expressly providing that a traffic infraction is not a crime, takes away the right to a trial by jury, pursuant to section 702 of the Code of Criminal Procedure.

He cites *People* v. *Harding* (115 Misc. 298, at p. 300), which states: " The only statutory provision that I find relating to jury trials is section 702 of the Code of Criminal Procedure, which reads: ' Before the court hears any testimony upon the trial, the defendant may demand a trial by jury.' The application of this section is limited to crimes and misdemeanors created and defined by the Penal Law * * * and, therefore, the appellant has no right to a jury trial under this statutory provision."

He claims this violation is a minor offense below the grade of misdemeanor and for that reason the defendant is not entitled to a jury trial. He cites the following: " In passing we may mention a third class of offenses which are neither felonies prosecuted by indictment and triable by a common-law jury * * * nor misdemeanors triable by Courts of Special Sessions with or without the statutory jury of six * * * but petty offenses triable summarily by a magistrate without a jury. Within this category are cases of persons charged with intoxication, vagrancy, with being disorderly persons, etc.; also many cases of violation of municipal ordinances. * * * These minor offenses, below the grade of misdemeanors, have always constituted in our law a class by themselves. * * * Denial of a jury trial in such cases is not a violation of the general constitutional provisions." (*Matter of Cooley* v. *Wilder*, 234 App. Div. 256, at p. 259.)

I cannot concur with the attitude of the appellant that the offense charged is a petty offense. The passage of speed regulations has to do with the safety of the public. The speed regulation ordinance has a great deal in common with the provisions of section 58 of the Vehicle and Traffic Law, and a violation of this latter section could hardly be treated as a petty offense. A violation of a speed regulation could produce as serious consequences as could a violation of section 58 of the Vehicle and Traffic Law. It is a much different type of regulation than that in respect to parking or regulations of a similar nature, the violation of which would cause no personal injury to another.

Respondent contends that by the enactment of subdivision 29 of section 2 of the Vehicle and Traffic Law the Legislature intended that all traffic infractions or violations of any local law or ordinance governing or regulating traffic must be treated as misdemeanors, except that conviction therefor shall not be used against the defendant to affect his credibility.

Both appellant and respondent cite *Matter of Cooley* v. *Wilder* (234 App. Div. 256) to substantiate the position of each.

In this latter case the defendant was arrested on a charge of reckless driving in violation of section 58 of the Vehicle and Traffic Law, which provides as follows:

" § 58. Reckless driving. Reckless driving shall mean driving or using any motor vehicle or motor cycle or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway. Reckless driving is prohibited. Every person violating this provision shall be guilty of a misdemeanor."

The court also held that the defendant was within his statutory rights in demanding that he be tried by a jury of six.

However, the determination in the above action was made in January, 1932, and prior to the enactment by the Legislature of subdivision 29 of section 2 of the Vehicle and Traffic Law above set forth.

Consequently, this court is now asked to construe said subdivision 29 and to determine whether or not this appellant is entitled to a jury trial for a violation of subdivision 2 of section 13 of the Speed Regulations and Traffic Ordinance of the city of Lockport above set forth. Neither party has submitted to the court any interpretation thereof by any other court.

The Legislature intended to remove from any person violating a traffic ordinance the stigma of crime. The section states, "A traffic infraction is not a crime."

The question to be determined is what the Legislature intended by the following: " Courts and judicial officers heretofore exercising jurisdiction over such acts and violations as misdemeanors or otherwise shall continue to exercise jurisdiction over traffic infractions as herein defined, and for such purpose such acts and violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors, except as herein otherwise expressly provided, shall apply to traffic infractions."

The appellant claims that the courts retain jurisdiction solely for the purpose of conducting the trial and the same must be had before the court without a jury because it is below the grade of a misdemeanor. Without jurisdiction the court could not proceed with the trial.

The court, therefore, having jurisdiction and proceeding with the trial, in my opinion, is governed by the following: " For such purpose such acts and violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors, except as herein otherwise expressly provided, shall apply to traffic infractions."

Therefore, for the purpose of the trial, it must be treated as a misdemeanor. That being so, I hold that the police justice was within his rights in allowing the defendant a jury trial, and his order granting a trial by jury is hereby affirmed.