THE PEOPLE OF THE STATE OF NEW YORK ex rel. BARBARA JACKSON, Respondent, against WILLIAM FENNELLY, as Sheriff of the County of Albany, et al., Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EILEEN PARSONS, Respondent, against RENSSELAER TAYLOR, as Warden of Albany County Jail, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DORIS ROBINSON, Respondent, against WILLIAM FENNELLY, as Sheriff of the County of Albany, et al., Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LILLIAN WATSON, Respondent, against WILLIAM FENNELLY, as Sheriff of the County of Albany, et al., Appellants.

Third Department, December 19, 1957.

*George N. Meyl, District Attorney* (*Philip G. Coffey* of counsel), for appellants.

*Morris Zuckman* for respondents.

*Per Curiam.* In each of these cases the relator has been discharged by an order of the Supreme Court (made by several different Justices in individual cases), upon the return of a

writ of habeas corpus, on the ground that the complaint charging each relator with vagrancy under subdivision 1 of section 887 of the Code of Criminal Procedure, was insufficient. The People appeal from each order. Counsel have agreed that all of the cases be considered together to determine the sole question of the sufficiency of the jurisdiction of the Magistrate to hold and examine relators.

Two important differences distinguish vagrancy from crime. One is the substance and depth of the status or "offense"; the other is the procedure leading to its correction. Vagrancy, governed by title VI of the Code of Criminal Procedure, is commonly grouped together with public intoxication and the status of disorderly person, and all are regarded as "minor offenses, below the grade of misdemeanors" and as belonging in "a class by themselves". (*Matter of Cooley* v. *Wilder*, 234 App. Div. 256, 259.)

It was held in *People ex rel. Burke* v. *Fox* (205 N. Y. 490) that disorderly conduct is not a crime and that the proceeding before the magistrate leading to a conviction of that status is not to be treated as trial for a crime. Summary proceedings for these petty offenses have been considered "'not as prosecutions for crimes, but for offenses against police regulations'" (p. 496). The quotation there adopted by Judge WERNER is from the language of CULLEN, J., in *Steinert* v. *Sobey* (14 App. Div. 505, 508), who noted that while the status is not that of a crime, the penalty may be penal in character. Although this fact also was remarked by the court in determining the scope of punishment in *People ex rel. Stolofsky* v. *Superintendent* (259 N. Y. 115, 117) the principle was reaffirmed that the "course of conduct, mode of life and specific acts or omissions which under section 887 of the Code of Criminal Procedure * * * fix the actor's status as a vagrant" do not constitute a crime within the definitions of the Penal Law.

It is especially important to bear this difference in mind in dealing with the procedural problem. The magistrate acquires jurisdiction by a "complaint" (Code Crim. Pro., § 889). The requirements for the complaint are not set forth as to form or verification. The magistrate must "upon the examination of such person, cause testimony to be taken as to his residence" and in the event he finds that the "offense charged" is sustained, make certain indicated dispositions. At least some procedural differences between such a proceeding and a prosecution for a misdemeanor are recognized in *Matter of Cooley* v. *Wilder* (*supra*).

This distinction is very sharply etched, however, in *People* v. *Grogan* (260 N. Y. 138). The court there had before it a charge of violation of section 58 of the Vehicle and Traffic Law, dealing with reckless driving. This offense being a misdemeanor, an information was required which must set out "the acts constituting the crime with the same clarity as an indictment" (CRANE, J., p. 142).

We must keep in mind, Judge CRANE noted, "the distinction" between a crime and "those minor offenses dealt with summarily by justices of the peace or magistrates". He quoted at some length from the opinion in *Matter of Cooley* v. *Wilder* (*supra*) on this subject; and the inference is wholly inescapable from this discussion that the complaint before a magistrate charging vagrancy or other "petty offenses" is more informal in its technical requirements than an information charging a misdemeanor.

This evaluation of procedural difference becomes conclusive if one turns to the decision of the court two years later, in 1934, in *People* v. *Hipple* (263 N. Y. 242). There the court was dealing with disorderly conduct. "A complaint in the Magistrates' Court charging disorderly conduct" said POUND, Ch. J., "need not state the name of the crime, the 'particular offense,' with the exactness required of an indictment or an information." (P. 244, citing *People* v. *Grogan, supra*.)

Even if we were to equate the procedural requirements for vagrancy to those applying to misdemeanors, we would regard the complaint or information here sufficient. As VAN VOORHIS, J., noted in *People* v. *Love* (306 N. Y. 18, 23), in dealing with an information charging a traffic infraction "even the requisites of an information or indictment are merely that it shall state the offense and the act constituting the offense". An admission made to a police officer of an act ingredient to misdemeanor justifies the conclusory statement of the fact in the information charging the misdemeanor, even though the police officer does not elaborate in the pleading that the defendant's admission is the source of his statement or amplify the information by a further deposition stating this admission. (*People* v. *Belcher*, 302 N. Y. 529, 535.)

Even in charges of misdemeanor the information may be informally set up and there seems no explicit constitutional or statutory requirement for a written information. (*People* v. *Jacoby*, 304 N. Y. 33.) A charge on information and belief is usually deemed technically sufficient. (*People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383.)

To sustain the writ of habeas corpus here it must be determined as a matter of law that the information was wholly insufficient to give the magistrate jurisdiction of the charge and of the accused. If this is to be done on the face of the complaint or information laid down before the magistrate by the police officer every favorable intendment and inference of the language and facts set forth in the complaint must be accorded it in support of the jurisdiction.

The essential matters set forth in the statute are here pleaded. The policeman was first duly sworn, he made the complaint, and he said on information and belief that the relator is a person " who, not having visible means to maintain herself, lives without employment, and is a vagrant ". In any fair and liberal intendment and reading these are factual statements. It would be possible for a careful draftsman to set up these words more skillfully; but they are adequate for the purposes of the statute and meet the procedural requirements sanctioned by the statute.

The information and belief alleged is based on an admission by the relator to the policeman " that she lives without employment and has no visible means of support ". We certainly have no right to hold as a matter of law, striking down the jurisdiction of the magistrate by habeas corpus, that the relator could not have made such an admission in just such terms; or that it does not amount to an admission of fact.

The complaint further says, in a last paragraph, and apparently on direct knowledge of the complaining police officer, that he observed the relator from time to time not working and that he knows she has no visible means of support. The complaint, in our judgment, gives the magistrate jurisdiction to proceed to an examination of the case in pursuance of section 889 of the code.

In this connection the language of Fuld, J., in *People* v. *Belcher* (*supra*, pp. 534-535), addressed to an information charging a misdemeanor, seems pertinent, that " the facts stated by the officer in the information, founded as they were in part upon his personal observations and in part upon defendant's own admissions to him " are sufficient prima facie to sustain the information.

The orders should be reversed on the law and the writs of habeas corpus dismissed.

Bergan, J. P., Coon and Gibson, JJ., concur; Halpern, J., concurs in the ground last stated in the opinion *Per Curiam*.

Orders reversed, on the law, and writs of habeas corpus dismissed.