Harold J. Hughes, Jr., J. P.
The defendant, charged with the offense of commencing the construction of a building in violation of the Zoning- Ordinance of the Town of Ouilderland, New York, has demanded a jury trial.
The defendant’s right to trial by jury in a Court of Special Sessions is not secured by the Constitution, but rather depends upon *22 statutory provision therefor. (People ex rel. Cosgriff v. Craig, 195 N. Y. 190; People ex rel. Borowiak v. Hunt, 157 App. Div. 848.) General provision for trial by jury in Courts of Special Sessions outside the City of New York is contained in sections 701 and 702 of the Code of Criminal Procedure. These sections have been generally construed so as to limit their applicability to trials involving felonies or misdemeanors, but not offenses. (Matter of Cooley v. Wilder, 234 App. Div. 256; People v. Harding, 115 Misc. 298.)
While article 13 of the Town Ordinance defines the violation thereof as a misdemeanor, the defendant has been charged only with the commission of an offense in accordance with recent amendments to sections 135 and 268 of the Town Law. (People v. Gerus, 19 Misc 2d 389; People v. Gold, 6 N. Y. S. 2d 264.) Thus, absent any other legislative direction, sections 701 and 702 of the Code of Criminal Procedure do not afford defendant with the right to trial by jury.
Such legislative direction appears to be contained in the amendments to sections 135 and 268 of the Town Law, declaring violations of town zoning ordinances to be offenses rather than misdemeanors: “However, for the purpose of conferring jurisdiction upon courts and judicial officers generally, violations of this article or of such ordinance or regulation shall be deemed misdemeanors and for such purpose only all provisions of law relating to misdemeanors shall apply to such violations.” (L. 1958, ch. 606.)
Similar statutory language, contained in subdivision 29 of former section 2 of the Vehicle and Traffic Law (now § 155), “courts and judicial officers heretofore exercising jurisdiction over such acts and violations as misdemeanors or otherwise shall continue to exercise jurisdiction over traffic infractions as herein defined, and for such purpose such acts and violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors, except as herein otherwise expressly provided, shall apply to traffic infractions,” has been interpreted as requiring the granting of a demand for trial by jury. (People v. Bush, 160 Misc. 669; see, also, 51 N. Y. St. Dept. Rep. 442.) Significantly the above-quoted subdivision was subsequently amended so as to expressly provide that trial by jury would not be allowed for traffic infractions. (L. 1939, ch. 420.)
For this reason, defendant’s demand is allowed.