Edward O. Provenzano, J.
It is contended by the defense that the indictment should be set aside pursuant to sections 2-a and 245 of the Code of Criminal Procedure and subdivision 6 of section 10.00 and section 55.10 (subd. 3, par. [a]) of the Penal Law on the ground that the Monroe County Grand Jury lacked authority and jurisdiction to indict upon a finding of a violation as opposed to a crime.
The People contend that the offense for which the defendant has been indicted is a “ misdemeanor ’ ’ as specified in section 4 of the General Business Law, and not a “ violation ” pursuant to section 55.10 (subd. 3, par. [a]) of the Penal Law, as the defendant contends.
The questions for this court to resolve are: first, whether the offense for which the defendant has been indicted is a misdemeanor or a violation under the law; secondly, whether the Grand Jury of the County of Monroe had the authority and juris *484 diction to indict the defendant under the Code of Criminal Procedure in effect prior to September 1, 1971.
Section 4 of the General Business Law provides “ Sabbath breaking is a misdemeanor, punishable by a fine of not less than five dollars and not more than ten dollars, or by imprisonment in a county jail not exceeding five days, or by both”.
Up to this point it would appear that the subject “ offense ” is a misdemeanor. However, we are here concerned with section 55.10 (subd. 3, par. [a]) of the Penal Law which provides:
‘ ‘ 3. Violations. Every violation defined in this chapter is expressly designated as such. Any offense defined outside this chapter which is not expressly designated a violation shall be deemed a violation if:
“(a) Notwithstanding any other designation specified in the law or ordinance defining it, a sentence to a term of imprisonment which is not in excess of fifteen days is provided therein, or the only sentence provided therein is a fine. ’ ’
Obviously, if the offense for which defendant has been indicted comes within the purview of section 55.10 (subd. 3, par. [a]) of the Penal Law then the subject “ offense” would in fact, constitute a “ violation ”. There is no question that the subject “ offense ” is defined outside the Penal Law; is not expressly designated a violation; is designated a “ misdemeanor ” in the law defining it; and sentence to a term of imprisonment which is not in excess of 15 days is provided therein.
It would appear that the subject ‘ ‘ offense ’ ’ comes within the purview of section 55.10 (subd. 3, par. [a]) of the Penal Law— unless, as the People contend, the fact that the subject “ offense ” provides for a fine or imprisonment or both takes the subject “ offense ” from within the purview of section 55.10 (subd. 3, par. [a]) of the Penal Law.
The only case known to this court wherein the question of whether the penalty provided in article 2 of the General Business Law is covered by section 55.10 (subd. 3, par. [a]) of the Penal Law is People v. Cooks of New York (65 Misc 2d 790). The court, in that case, concluded that it was so covered. The contention of the defendant-appellant in the Cooks case, and the People in the case at bar, is, in effect, the same — that section 55.10 (subd. 3, par. [a]) of the Penal Law should be interpreted to mean that a term of imprisonment not in excess of 15 days and a fine, would change the violation to a misdemenor. In the Cooks case the trial court held, and the appellate court agreed, that the law should not be so interpreted.
It appears to this court, by recent trend of decisional law, that the classification of an offense, or whether a jury trial is *485 mandated, is determined by the possible loss of liberty by a period of imprisonment rather than pecuniary loss by payment of a fine. (Baldwin v. New York, 399 U. S. 66.)
This court interprets section 55.10 (subd. 3, par. [a]) of the Penal Law to mean that if any part of a sentence, either disjunctively or conjunctively with any other part of the sentence of an offense defined outside the Penal Law, which is not expressly designated a violation, no matter what it is designated in the law or ordinance defining it — could result in a sentence to a term of imprisonment which is 15 days or less — the offense is a violation. This court holds that the “ offense ” for which the defendant has been indicted is a “ violation ”.
The next question to be considered is whether the Grand Jury of the County of Monroe had the authority and jurisdiction to indict the defendant under the Code of Criminal Procedure in effect prior to September 1,1971.
Section 245 of the Code of Criminal Procedure provides: ‘ ‘ The grand jury has power, and it is their duty, to inquire into all crimes committed or triable in the county, and to present them to the court.”
Subdivision 6 of section 10.00 of the Penal Law provides:
‘ ‘ Except where different meanings are expressly specified in subsequent provisions of this chapter, the following terms have the following meanings: * * *
“6. ‘ Crime ’ means a misdemeanor or a felony.”
Section 2-a of the Code of Criminal Procedure provides: “ The definitions of terms contained in section 10.00 of the penal law are applicable to this code.”
It further appears by decisional law that a Grand Jury cannot indict for a violation. (People v. Du Pont, 28 A D 2d 1135.) It appears to this court, from the foregoing provisions of the Code of Criminal Procedure and Penal Law, and from the decisional law referred to that the Grand Jury of the County of Monroe did not have the authority or jurisdiction to indict the defendant.
Accordingly, the motion of the defendant is granted — the indictment is dismissed.