Rockwell D. Colaneri, J.
The defendant moves for an order allowing discovery by the defendant of a written statement made by the defendant to officials of the Islip Town Building Department dated on or about March 17, 1970, pursuant to the provisions of CPL 240.20.
The question before the court is a determination of whether an Islip Town Building Department official is “ a public servant engaged in law enforcement activity ’ ’ within the meaning of CPL 240.20 (subd. 1, par. [b]) or not. If such an official is *283 engaged in law enforcement activities, the defendant would be entitled as of right to discovery of his statements made to the building official.
Defendant on February 18, 1972 moved, inter alia, for an order allowing discovery of statements made by him to officials of the Islip Town Building Department. The motion was denied without prejudice on March 3, 1972 upon the ground (1) that there was no indication whether or not the defendant’s statement was written or oral and (2) whether or not it was made to a public servant engaged in law enforcement activity. Defendant presently moves for discovery of his “ written ” statement made to officials of the Islip Town Building Department and still does not state whether or not building “ officials ” come within the purview of CPL 240.20 (subd. 1, par. [b]). For the following reasons this court determines that “ officials ” of the Islip Town Building Department acting in their official capacity in enforcing the building code are public servants engaged in law enforcement activities.
Clearly there is no question that police officers (CPL 1.20, subd. 34) and peace officers (CPL 1.20, subd. 33) are public servants engaged in law enforcement-activity. Section 138 of the Town Law states that the town board of any town which shall have adopted a building code may appoint a town building inspector. Such inspector shall have charge of the enforcement of such codes, ordinances, rules and regulations of the town. Section 7-2a of the Code of the Town of Islip, New York states that ‘1 the building inspector as appointed by the town board * * * [shall] be responsible for the enforcement of this ordinance.” This court has not found any case defining the term “ public servant engaged in law enforcement activity.”
CPL 240.20 is modeled after rule 16 of the Federal Rules of Criminal Procedure. Paperno and Goldstein, Criminal Procedure in New York (rev. ed., § 280) states that the statement of a defendant for purposes of discovery and inspection need not be made to an agent of the government. Any statement, to whomever made, is discoverable if it otherwise is within the rule. (Citing United States v. Lubomski, 277 F. Supp. 713; United States v. Baker, 262 F. Supp. 657, remanded for hearing on other grounds 401 F. 2d 958; United States v. Knohl, 379 F. 2d 427, cert. den. 389 U. S. 973.) However, rule 16 of the Federal Rules of Criminal Procedure does not state to whom the statement or confession is to be made in order to enable the defendant to inspect and copy it. CPL 240.20 (subd. 1, par. [b]) has the qualification that the written or recorded state *284 ment be made to a public servant engaged in law enforcement activity.
In conclusion and in light of the liberal discovery rules, the court grants defendant’s motion for discovery, upon the ground that the Islip Town Building Inspector is a public servant engaged in law enforcement activity when enforcing the Islip Building Code. The court is not presently faced with the question of whether or not the fourfold Miranda warnings should or should not have been given to defendant before receiving the statement (Miranda v. Arizona, 384 U. S. 436).
The Islip Town Attorney’s office shall furnish the defendant’s attorney with a copy of any written statement made by the defendant to the town, if any, prior to May 19, 1972. Should the statement be oral, a hearing shall be conducted before the presiding Judge of the Fifth District Court at 9:30 a.m. on May 26, 1972, at Bay Shore, New York, to inquire into and ascertain what oral statements were made.