Frank A. Tate, Jr., J.
This is a motion by the defendants to dismiss an information on the ground that the prosecution is untimely.
Both the corporate and the individual ¡defendant are charged in the five-count information ¡with violations of specified provisions of the Industrial Code for the protection of the Labor Law, a first offense for such violations is punishable by a fine of not more than $100 or by imprisonment for not more than 15 days or both; for a second offense by a fine of not less than $100 nor more than $500 or by imprisonment for not more than 30 days or both; and for ,a subsequent offense by a fine of not less than $300, or -by imprisonment.
For the individual defendant it is a first offense. The corporate defendant, however, pleaded guilty to a previous charge of an Industrial Code violation and it appears that the *359 corporate defendant does not dispute the assertion .by the Attorney-General that it is a .second offender.
The alleged commission of the offenses occurred on November 18, 1971 and the prosecution ¡was instituted by the filing of a summons directing the defendants to appear before the court on October 17, 1973.
Defendants contend that although the offenses with which they are changed are denominated misdemeanors in section 213 of the Labor Law, they are in fact merely violations by virtue of section 55.10 (subd. 3) of the Penal Law. If the offenses are violations, then the one-year Statute of Limitations would have run and the prosecution would be untimely (CPL 30.10).
Section 55.10 (subd. 3) of the Penal Law provides that an offense defined outside the Penal Law: “ which is not expressly designated a violation shall be deemed a violation if: (a) Notwithstanding any other designation specified in the law or ordinance defining it, a sentence to a term of imprisonment which is not in excess of fifteen days is provided therein, or the only sentence provided therein is a fine ’ ’.
Insofar as the individual defendant is concerned, since he is a first offender and the sentence provided in section 213 is not in excess of 15 days, this defendant is charged with a violation and not a misdemeanor (see People v. L. A. Witherill, Inc., 29 N Y 2d 446; People v. Star Supermarkets, 67 Misc 2d 483, affd. 40 A D 2d 946). The information as to him must, therefore, be dismissed.
As to the conporate defendant, it is the court’s opinion that it is being charged with a misdemeanor inasmuch as it is a second offender. As the court interprets subdivision 3 of section 55.10 of the Penal Law, it is the sentence specified in a particular section and not the status of the offender which determines whether the offense shall be deemed a misdemeanor or a violation. Since, for a second offender, a term of imprisonment ‘1 in excess of fifteen days is provided therein ”, the offense for a second offender under section 1213 of the Labor Law must be deemed a misdemeanor, not a violation, even though the corporate defendant may not be sentenced to prison (see Penal Law, § 160.25). The alternative would be to hold that a corporation, because it cannot be sentenced to prison, cannot be guilty of an offense other than a violation. While one may read People v. L. A. Witherill, Inc. (supra, .at p. 450) as indicating that a corporation may be guilty of only a violation, it is this court’s conclusion that such a reading would be contrary to the Penal Law which unquestionably indicates that a corporation may *360 be convicted of misdemeanors and felonies (Penal Law, § 80.10; .see, also, 12 N. Y. Jur., Corporations, § 868).
The motion to .dismiss the information as to the individual defendant is granted and as to the corporate defendant denied.