Jerald Fiedelholtz, J.
Defendant moves this court for an *960 order directing service and filing of a bill of particulars, trial by jury, discovery and inspection, and transfer of this cause to the Supreme Court, Orange County, or in the alternative to proceed by civil action.
The defendants are charged with violation on April 25, 1975 of section 48-7A (1) of the zoning ordinance of the Town of New Windsor, which provides in part as follows: "In a One Family Residence RB District no building or premises shall be used, and no building or part of a building shall be erected, which is arranged, intended or designed to be used, in whole or in part, for any purpose except the following: (A) Permitted Uses: 1. Any use permitted except * * * mobile home courts”.
The pertinent portions of the two informations read as follows:
"I, Howard R. Collett, Zoning Inspector of the Town of New Windsor, being duly sworn, deposes and gives information as follows:
"That the defendants, on the 25th day of April, 1975, in the Town of New Windsor, County of Orange, New York, at about 9:00 o’clock a.m., did commit the violation of locating two Mobile Homes in violation of Sec. 48-7A (1) Zoning Ordinance of the Town of New Windsor of the State of New York, in that they did; wrongfully, unlawfully, and knowingly, at the aforesaid time and place locate five (5) mobile homes in a Trailer Court owned by her, located at 368 Union Avenue, a one family residential district (RB); Section 48-7A (1) Prohibits any Mobile Home in a residential district (RB).”
The defendants were issued an order to remedy this violation of the zoning ordinance on April 25, 1975 and to be complied with by May 5, 1975. The maximum number of mobile homes which the defendants may keep in said district as a non-conforming use is three and she continues to maintain five.
For a bill of particulars, defendants apply for answers to the following items, setting forth:
(a) The number of mobile homes which are alleged were located on the defendants’ premises in the years 1966, 1967, 1968, 1969 and 1970;
(b) The size of the said mobile homes that were so located on the premises as of the years above set forth and their location on the lot.
(c) Whether it is claimed any permits of any kind were *961 required for the location of the said mobile homes on the defendants’ premises in the years 1966, 1967, 1968, 1969 and 1970 and, if so, dates of such permits and issuing agencies and the purpose of such permits.
(d) In what respect it is alleged that the defendants may keep three mobile homes on the premises as a non-conforming use and the locations thereof.
(e) The date that Howard R. Collett allegedly took his oath of office and whether the said oath was filed with the Town Clerk in the Orange County Clerk’s office.
(f) In what respect and manner it is alleged that the defendants cannot continue to maintain five mobile homes as a non-conforming use on their premises.
(g) The date or dates when it is alleged that the defendants committed the alleged violation.
According to the Commission Staff Comment to CPL 200.90 of the Temporary Commission on Revision of the Penal Law and Criminal Code (2B Cons Laws Serv, p 3-47): "The sole function of a bill of particulars is to define more specifically * * * certain matters set forth in the pleadings. The motion may not be used as a 'fishing expedition,’ i.e., the bill is not meant to furnish the defendant with a preview of some or all of the prosecution’s proof * * * The test is not whether the items of information sought by the defendant may be 'useful’ to his defense, but whether such items are 'necessary’ to adequately prepare or conduct his defense. The defendant has the burden of satisfying the court that the items sought are necessary. A bare statement that the need exists is not enough.”
Applying this guideline, defendant’s application for items 10 (a), (b), (c) and (e) are denied. Application for items 10 (d), (f) and (g) are granted.
Defendants also move this court for an order directing trial by jury. Defendants are charged with violation of section 48-7A (1) of the Zoning Ordinance of the Town of New Windsor set out above. Section 48-29 of the Code of the Town of New Windsor sets forth a maximum penalty of 10 days’ imprisonment for the violation of section 48-7A (1).
Therefore the issue is whether defendants are entitled to a trial by jury where defendants may be sentenced to a maximum term of imprisonment of 10 days as provided in a law or *962 ordinance (Code of the Town of New Windsor) outside the Penal Law of the State of New York.
The zoning inspector’s and the defendants’ arguments concerning right to a jury trial revolve around interpretation of sections 135 and 268 of the Town Law. Defendants cite People v De Cinto (24 Misc 2d 21) in support of their interpretation of the above Town Law provisions. Defendants advance the theory that violations of a zoning ordinance is a misdemeanor pursuant to the Town Law and People v De Cinto, thereby requiring trial by jury. The zoning inspector advanced the theory that violation of a zoning ordinance is a violation, not a misdemeanor, according to the Town Law; therefore, defendants are not entitled to a trial by jury. Apparently the parties agree that defendants’ right to a jury trial depends on whether the zoning violation here is classified as a misdemeanor or a violation. (See, also, People v Star Super Markets, 67 Misc 2d 483, 484.)
Whether the Town Law defines violation of a zoning ordinance as a violation or a misdemeanor is not material in our opinion. In this respect this court respectfully differs with the Court of Special Sessions in its opinion in People v De Cinto (24 Misc 2d 21).
According to subdivision 2 of section 5.05 of the Penal Law the provisions of the Penal Law govern the "construction of and punishment for any offenses defined outside of this chapter”. This court finds that the classification of the zoning violation here and the ultimate determination of whether defendants are entitled to trial by jury must be made through application of the Penal Law. For the above purposes this court finds that the specific provisions of subdivision 2 of section 5.05 supersede the general provisions of section 5.00 of the Penal Law (cf. People v Bonnerwith, 69 Misc 2d 516).
Applying the provisions of the Penal Law, this court finds that violation of the zoning ordinance here is not a misdemeanor but instead a violation. Subdivision 3 of section 55.10 of the Penal Law provides in part as follows:
"Any offense defined outside this chapter which is not expressly designated a violation shall be deemed a violation if:
"(a) Notwithstanding any other designation specified in the law or ordinance defining it, a sentence to a term of imprisonment which is not in excess of fifteen days is provided therein, or the only sentence provided therein is a fine”.
*963 Had the zoning ordinance here provided for a maximum sentence of a term of imprisonment in excess of 15 days but not in excess of one year for the offense changed then this court would have found the offense to be a misdemeanor. (See Penal Law, § 55.10, subd 2, par [c].)
Having determined that the offense in question is a violation rather than a misdemeanor, this court accordingly denies the defendants’ application for a trial by jury. (See CPL 340.40, subd 1.)
Had this court found the offense here to be a misdemeanor, defendants’ application for a jury trial would have been granted. (See CPL 340.40, subd 2.)
Defendants also apply for discovery and inspection of copies of all documents, papers, evidences, instrument^, letters, statements, photographs, reports, testimony, if any, and other memos, all evidences in the possession, custody or. control of the zoning inspector and/or its attorneys, agents, servants, or employees together with the names and addresses of witnesses.
The zoning inspector , in his opposing papers informs that certain signed statements of the defendants are in the possession of the zoning inspector. Concerning such signed statements CPL 240.20 (subd 1, par [b]) applies. This court finds that a zoning inspector is engaged in law enforcement activity within the meaning of CPL 240.20 (subd 1, par [b]). (See Town Law, § 268.) For an analogous situation concerning building inspectors, see People v Brogan (70 Misc 2d 282).
Concerning the names and addresses of witnesses, discovery and inspection is granted. (See People v Barnes, 74 Misc 2d 743.) Concerning all other items applied for, discovery and inspection is denied. (See CPL 240.20, subd 3.)
Defendants also apply for an order transferring this cause to Supreme Court, Orange County, or in the alternative directing the zoning inspector to proceed by civil action.
There appears to be no authority vested in this court to remove this cause to Supreme Court, Orange County. A reading of CPL article 230 and CPLR articles 3 or 6 reveals no such authority. Defendants’ application for transfer of this cause is denied.
Concerning a direction to the zoning inspector to proceed by civil action, defendants’ application is denied. This court does *964 not consider Armstrong v Gibson & Cushman (202 Misc 399) applicable to the circumstances of the charge here.