Requestor: Harvey A. Arnoff, Esq., Town Attorney Town of Southold P.O. Box 1179 Southold, New York 11971
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
You have asked whether a person less than sixteen years old may be prosecuted for an offense against a town ordinance which is classified as a violation.
Your letter notes that this question arose as a result of a collision between two power boats which caused serious physical injuries to passengers in the boats. It has been alleged that the accident was the result of certain improper boating procedures by the operator of one of the boats, a young man 15 years of age.
The town code of the Town of Southold regulates boating, and your letter notes that the town is contemplating prosecuting the 15-year-old operator of one of the boats for violating various provisions of the code. You have asked whether such a criminal prosecution is appropriate, and whether the defense of infancy applies.
It is well established that a town's home rule power includes the authority to prescribe that violations of local laws and regulations are to constitute misdemeanors or other lesser offenses. Municipal Home Rule Law § 10(4)(b). The town may also provide for the punishment of such violations by penalty, fine, forfeiture or by a combination of such punishments. Id., 1985 Op Atty Gen (Inf) 90.
In determining the procedures for enforcement of these local laws and regulations, however, towns are subject to the provisions of the Penal Law and Criminal Procedure Law. Penal Law § 55.00; People vWayman, 82 Misc.2d 959, 962 (Justice Ct, Town of New Windsor, Orange Co, 1975); see, 1988 Op Atty Gen (Inf) 65, 74; 1984 Op Atty Gen (Inf) 118, 123. You have informed us that an offense against the provisions in question is punishable by a fine, and a term of imprisonment of less than 15 days. Under the Penal Law, such offenses are classified as violations. Penal Law § 55.10(3); see, People v StarSupermarkets, Inc., 67 Misc.2d 483 (Monroe Co Ct 1971), affd, 40 A.D.2d 946
(4th Dept 1972).[1]
Section 30.00 of the Penal Law provides for the defense of infancy against criminal prosecution:
 "1. Except as provided in subdivision two[2] of this section, a person less than sixteen years old is not criminally responsible for conduct.
. . .
 "3. In any prosecution for an offense, lack of criminal responsibility by reason of infancy, as defined in this section is a defense."
Penal Law § 30.00; see, People v Ennis, 94 A.D.2d 746 (2d Dept 1983); People v Eric T., 89 Misc.2d 678 (NYC Crim Ct 1977).
The language set forth in subdivision 3 of section 30.00 establishes a defense to "any prosecution for an offense". The term "offense" encompasses any "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law, local law or ordinance of a political subdivision . . .", and by definition encompasses felonies, misdemeanors and violations. The defense of infancy, therefore, is available against a prosecution for an offense against a town ordinance which is classified as a violation. Penal Law § 10.00(1), (3). Furthermore, the defense of infancy is jurisdictional and, accordingly, nonwaivable. People v Eric T.,89 Misc.2d 678 (NYC Crim Ct 1977).
Finally, we note that the lack of criminal responsibility by reason of infancy does not mean that the individual in question is immune from any and all State action. Juvenile delinquency proceedings pursuant to Article 3 of the Family Court Act seek to address conduct by minors which, if committed by an adult, would constitute a "crime". Family Court Act § 301.2(1). In addition to constituting an offense against a town ordinance, the alleged conduct in question — reckless operation of a motor boat resulting in serious physical injury — may also constitute a felony or misdemeanor (if committed by an adult) which would merit the attention of the county attorney or district attorney, the agencies charged with presenting petitions for juvenile delinquency to Family Court. See, Family Court Act §§ 254, 254-a.
We conclude that a person under the age of sixteen is immune from criminal prosecution of offenses classified as violations under the Penal Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
[1] Section 135 of the Town Law provides that offenses against any town ordinance, rule or regulation is declared to be a misdemeanor "except as otherwise provided by law". You have informed us by telephone that the offenses in question have been classified by the town as violations.
[2] Subdivision 2 provides that a person aged thirteen, fourteen or fifteen may be criminally responsible for intentional or depraved indifference murder (Penal Law § 125.25[1], [2]); and that a fourteen or fifteen year old may be criminally responsible for various serious crimes, including first degree kidnapping, first degree arson, first degree manslaughter, first degree assault, first degree rape, first degree sodomy, aggravated sexual abuse, first degree robbery and first degree burglary. Penal Law § 30.00(2). Persons meeting these criteria are prosecuted criminally as juvenile offenders. Penal Law § 10(18). Whether the conduct described in your letter contains the elements of any of these enumerated felonies is a decision within the prosecutorial discretion of the District Attorney's office.