Martin Schenck, J.
This is an appeal from a judgment of the Police Court of Albany pursuant to which the defendant was adjudged guilty of disorderly conduct in violation of subdivision 2 of section 722 of the Penal Law. The pertinent part of the Penal Law in question reads as follows:
“ Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct:
* * *
‘1 2. Acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others ”.
The defendant challenges the information as being insufficient and also argues that the evidence, in any event, fell short of that necessary to sustain conviction under the foregoing section.
It is charged that the defendant “ did, under circumstances whereby a breach of the peace might have been occasioned that while at the intersection of Quail Street and Morris Street (City of Albany) at about 6:45 o’clock p.m., he did act in such a manner as to annoy, disturb, interfere with, obstruct and be offensive to others, to wit: By refusing to move on when ordered to do so by above said police officer at a time when the above said defendant was interfering with and [sic] accident when above said officer was trying to clear the street of a damaged automobile involved in the accident.”
In the first place, I am satisfied that the information was sufficient to allege the offense of disorderly conduct and thus to confer jurisdiction upon the trial court. Whether the information would be sufficient if it purported to allege a misdemeanor is a point that need not be passed upon herein. The fact remains, however, that an information charging an offense need not be drawn with all of the technical nicety required of an information charging a misdemeanor or, of course, an indictment. The foregoing information sufficiently apprises defendant of the offense charged. (See People ex rel. Robinson v. Fennelly, 5 A D 2d 71, affd. 4 17 Y 2d 966.)
This brings us to the question of the sufficiency of the proof at the trial to sustain the conviction of the defendant. The incident leading to defendant’s arrest arose following an automobile accident in which there was involved an automobile *978 operated and apparently owned, by one Miss Newell. The complaining Police Officer arrived at the scene shortly after the accident and found Miss Newell’s car where it had come to rest, off the street upon a lawn nearby. There was evidence that the officer advised Miss Newell that the car would have to be towed away. Thereupon, according to the officer’s testimony, he suggested that one of two towing companies could be called. He stated that she advised that “ Mike’s ” tow truck would be satisfactory, or words to that effect. Thereupon, the officer stated that he called “ Mike’s ” garage for a tow truck. In the meantime, Miss Newell went to a nearby public garage to make a telephone call.
After “Mike’s” truck had arrived upon the scene, Miss Newmll returned to her automobile with the defendant. At this point the trouble commenced. According to the officer’s testimony in the record, the defendant told the operator of the tow truck to let Miss Newell’s car alone and that he (the defendant) “ was going to handle it ”. At this point the Police Officer stated that a group of people were collecting and that there was interference with traffic at the street intersection. The officer testified that he told the defendant that “We were handling it and it wasn’t any of his business, and that the car was going to be towed and to please move away from the scene.” Thereupon, it appears that the defendant commenced to argue with the police officer.
It seems that the defendant was the operator of the nearby garage. We may assume, for the sake of argument, that Miss Newell had told him that he could repair her automobile. The question, therefore, is did the defendant by his actions in arguing with the policeman, attempting to prevent “ Mike’s ” tow truck from towing Miss Newell’s car from the scene of the accident, and refusing to obey the orders of the policeman, perform such actions as might constitute the offense of disorderly conduct?
I think that upon the entire record it can be found that there was sufficient evidence for the Trial Justice to make such a determination. It is true that the disorderly conduct statute is unfortunately often abused. There is no quarrel here with the opinion of the City Court of New York Magistrate in People v. Tinston (6 Mise 2d 485) denouncing such abuse. On the other hand, we have in the instant ease a situation in which a police officer has obtained a tow truck to clear the intersection at the scene of an accident. There is evidence that he performed this act with the consent of the owner of the automobile. It appears that a growing number of people were present in the heart of a residential section, having been attracted by the action of the *979 defendant in arguing with the policeman in a loud voice. There is also evidence that traffic was being interfered with at the intersection by the events that were transpiring. Under these circumstances, it seems clear to me that the officer was within his rights and in the proper exercise of his duties to admonish the defendant to stop interfering with the- procedure that was taking' place. Instead of acquiescing, however, the defendant apparently continued the argument until, in order to clear the intersection, the policeman and a fellow officer, who patrolled the area in a prowl car, felt compelled to arrest the defendant and to restrain him with the use of handcuffs. As a matter of fact, although just how it happened is not clear, it appears that one of the police officers received an injury to a finger in the course of the altercation which required hospital treatment.
It seems to me that all of the elements of the pertinent provisions of section 722 of the Penal Law can be found here. There Avas certainly a disturbance. There Avas certainly interference Avith the removal, under police instructions, of the automobile by “ Mike’s ” íoav truck. There Avas, furthermore, obstruction of the plan adopted by the police officer to clear the scene of the accident. The question of “ annoyance ” or the element of a person’s being “ offensiA'e ’’ are matters that are somewhat ■subjective. Apparently the police officer felt annoyed and considered the actions of the defendant to be offensive. The defendant’s appearance on the scene and his subsequent conduct seemed to stem from the fact that he wanted to handle the towing and repair job himself. There Avas, presumably, nothing to prevent him from proceeding Avith the repair work after the emergency clearance of the scene had been accomplished. From all that appears, 1 ‘ Mike’s ’ ’ íoav truck could have been directed to take the damaged' automobile to the defendant’s garage. It does not appear from the record, however, that the defendant himself had a tow truck present or that he or Miss Newell made any attempt to direct “ Mike’s ” tow truck operator to have the car taken to the defendant’s garage. Certainly a citizen in a legitimate business is entitled to compete for customers ‘ ‘ in the market ”, so to speak. The time and place for such competition, hoAvever, is not in the center of a busy intersection while a police officer is correcting a situation that has arisen as the result of an accident. The officer’s action, under all the circumstances, was clearly not an abuse of the enforcement of the disorderly conduct statute, such as is referred to in the Tinston case.
The judgment of the Albany Police Court is affirmed.