Benjamin Gassman, P. J.
The defendant appeals from a judgment of conviction of the Magistrates’ Court, Borough of Manhattan, Municipal Term, entered on October 2,1957, convicting him, after trial, of violating sections 62 and 80 of the Multiple Dwelling Law and sections D26-3.1 and D26-3.2 of the Administrative Code of the City of New York. On October 7, 1957, the defendant was sentenced to pay a fine of $500 or, in the alternative, to serve a term of 30 days.
The defendant contends that the judgment appealed from should be reversed because (1) the Magistrates’ Court had no jurisdiction of the subject matter; (2) the Magistrates’ Court did not acquire jurisdiction of the defendant; (3) the defendant’s rights were violated when the Magistrate refused to permit him to demur to the complaint; (4) that section D26-3.1 of the Administrative Code is unconstitutional; (5) that errors were committed by the Magistrate in the admission of evidence; and (6) that he did not have a fair trial.
The record before us indicates that the evidence was sufficient to sustain a judgment of conviction. However, the record is replete with colloquy between the defendant and the court, which may be construed as having impaired the defendant’s right to an impartial trial. Hence, we believe that, however strong the evidence may be, a judgment of conviction must be reversed if the trial was not a fair one or if reversible error was committed. “ The administration of justice must not only be above reproach, it must also be beyond the suspicion of reproach ” (People v. Savvides, 1 N Y 2d, 554, 556).
The defendant, a member of the Bar, acted as his own trial counsel. Beading the record, it is difficult at times to note the line of demarcation between the defendant as such and the defendant acting as his own lawyer. Throughout the trial, he failed to exhibit the objectivity which another lawyer, trying the case for him, might have shown. Being personally involved as defendant, he often forsook the role of an advocate and became partisan in his argument with the trial court. He provoked the Magistrate, who is a capable and conscientious jurist and sorely tried his patience, creating undue tension during the trial which lasted two full days. Many of the objections made *827 by the defendant were frivolous and many of the questions propounded by him indicated not only a total lack of objectivity but also a total lack of legal acumen, all of which would have been avoided had the defendant been represented by competent trial counsel. We can thus understand how the learned court below was provoked into making some of the statements which appear in the record.
In view of the fact that a new trial will be ordered, we deem it necessary to make the following observations: Defendant’s contention that the Magistrates’ Court had no jurisdiction of the subject matter of the prosecution is without legal basis. In Matter of Mosher v. Haddock (181 Misc. 486, 487) the court said: “The petitioner challenges the jurisdiction of the Municipal Term, asserting it is not a magistrate’s court but a court of special sessions having jurisdiction of misdemeanors, and not violations of regulations and orders. He cites section 141 et seq. of the New York City Criminal Courts Act (L. 1910, ch. 659, as amd.) and several cases which hold that in trying misdemeanors a City Magistrate, whether in the Municipal Term or elsewhere, sits as a court of special sessions. * * * If this were the only statute to be considered, there might be some weight to the petitioner’s claim. However, the right of a Magistrate sitting in the Municipal Term is not controlled exclusively by this section. It is not all-inclusive, for we must give force and effect to section 100 of the New York City Criminal Courts Act. By it the Chief Magistrate is clothed with power to extend the jurisdiction of the Municipal Term by adding such offenses as those with which the petitioner is charged. In this case the Chief Magistrate did make such an order. The Municipal Term has jurisdiction and the Magistrate sat as a Magistrate and had the jurisdiction and legal power to hear and decide the charges made.”
Violations of sections 62 and 80 of the Multiple Dwelling Law are offenses (Multiple Dwelling Law, § 304) and violations of the two sections of the Administrative Code above referred to are likewise offenses (Administrative Code of City of New York, § D26-8.0). The Municipal Term of the Magistrates’ Court therefore, had jurisdiction.
The Magistrates’ Court also acquired jurisdiction of the defendant. The warrant on which the defendant was arrested was issued by the Magistrate on an information sworn to by Inspector Coffey, which was complete and served the purpose of an information and a deposition. The information and deposition may be blended in one instrument, and although the practice is not to be commended, it is sufficient, if the facts sworn to *828 are adequate. (People v. Gardner, 71 Misc. 335; People v. Taylor, 159 Misc. 536.) Furthermore, the defendant did appear in the case, several adjournments were procured, the defendant pleaded “ not guilty ” to the complaint and personally answered “ ready” for trial. The court therefore, acquired jurisdiction of the defendant. (People v. Kempner, 95 N. Y. S. 2d 425, 429; People ex rel. Mertig v. Johnston, 186 Misc. 1041; People v. Hagan, 138 Misc. 771.)
The Magistrate properly refused to entertain a demurrer to the complaint. There is no provision in the law for a filing of a demurrer to a complaint in the Magistrates’ Court. The provisions of sections 321 and 323 of the Code of Criminal Procedure permit a demurrer only to (1) an indictment, or, (2) to an information triable in the Court of Special Sessions. (People v. Goldstein, 192 Misc. 337.)
We hold that section D26-3.1 of the Administrative Code is constitutional. That section was enacted by the New York City Council pursuant to the express grant of power contained in sections 3, 365 and 366 of the Multiple Dwelling Law and the council had the power to enact that section pursuant to the authority granted by the Home Rule Amendment of the State Constitution (art. IX, § 12) to protect the public health, safety and welfare of the People of the City of New York. (People v. Lewis, 295 N. Y. 42, 49; Adler v. Deegan, 251 N. Y. 467.)
Serious error was committed by the court below in receiving, over defendant’s objection, pleadings in a civil action, connecting the defendant with the building in question. ‘ ‘ A pleading in a civil action cannot be used, in a criminal prosecution against the party, as proof of a fact admitted or alleged therein ” (Code Crim. Pro., § 392-a).
The judgment appealed from should be reversed on the law and a new trial ordered.
Ringed and Acquavella, JJ., concur.
Judgment reversed, etc.