THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT S. SIEGAL, on Behalf of ARNOLD SCHILDHAUS, Respondent, *v.* EDWARD DROS, as Warden of the Workhouse of the City of New York, Hart Island, Appellant.

First Department, July 6, 1961.

*Walter E. Dillon* of counsel (*Isidore Dollinger, District Attorney*), for appellant.

*Arnold Schildhaus,* respondent in person.

STEVENS, J. This is an appeal from an order entered February 26, 1959, sustaining a writ of habeas corpus and discharging the relator from custody.

The relator was charged with failure properly to register ownership of a certain tenement building as required by section D26–3.1 of the Multiple Dwelling Code (Administrative Code of the City of New York, § D26–3.1), and with violating section 80 of the Multiple Dwelling Law in failing to cure a number of building violations filed against the premises. Relator's demurrer to the charges was overruled, and the case proceeded to trial.

April 15, 1958, relator was convicted of violation of section D26–3.1 of the Multiple Dwelling Code and section 80 of the Multiple Dwelling Law. He was sentenced to pay a fine of $500 or, in default thereof, to 30 days. Execution of the sentence was stayed for 30 days. Relator elected not to pay the fine, surrendered and sued out a writ of habeas corpus which was sustained. The court held there was no jurisdiction in the Magistrate's Court of the charge of a violation of section 80

of the Multiple Dwelling Law, because the information was not in fact sworn to by the affiant, and therefore the court could not impose a legal sentence. It is from that order that this appeal is taken.

At the trial it was brought out that Inspector Kern, an Inspector of Buildings, visited premises 212–14 West 141st Street, Manhattan, observed certain conditions, returned to his office and there made a report of the violations found. Inspector Kern testified and described conditions as he found them at premises 212–14 West 141st Street. On cross-examination it was brought out that the complaint was prepared from Kern's report, brought to Kern who examined it, found it accurate and signed it. Thereafter, though not in Kern's presence, the jurat was affixed by the Chief Inspector of Buildings.

The relator's challenge to the jurisdiction because the information had not in fact been sworn to by Kern was overruled.

Relator appealed his conviction (not including therein the challenge to the jurisdiction) to the Appellate Part of the Court of Special Sessions. While such appeal was pending relator sued out a writ of habeas corpus which was sustained. And it is with the appeal therefrom that we are here concerned. November 25, 1959, the judgment of conviction was affirmed by the Appellate Part of Special Sessions and an appeal taken therefrom, by permission of an Associate Judge of the Court of Appeals, to that court. The Court of Appeals reversed and remitted the case to the Appellate Part of Special Sessions, with directions to withhold consideration of the appeal, because of the order outstanding which sustained the writ of habeas corpus. (*People* v. *Schildhaus,* 8 N Y 2d 33.)

The relator, as respondent herein, asserts the "information type pleading (the statement) not being sworn to, did not confer jurisdiction on the City Magistrate's Court." The People, as appellant herein, have asserted the contrary view.

Examination of the record in the case before us reveals that relator demurred to the information and that his objections thereto were overruled with exceptions to relator. The record reveals also that the question of jurisdiction was raised during the trial, litigated and decided adversely to relator.

It follows then that if the court had jurisdiction of the subject matter and of the person, relator's remedy would have been by way of appeal, a motion to vacate the judgment or by a motion for a new trial (cf. *People* v. *Scott,* 3 N Y 2d 148) and habeas corpus would not lie (*People ex rel. Bailey* v. *McCann,* 222 App. Div. 465).

Relator was charged in Municipal Term, Magistrate's Court, with alleged violations of section 80 of the Multiple Dwelling Law, and section D26–3.1 of the Multiple Dwelling Code.

Relator failed to obey the summons and it became necessary to issue a warrant for his arrest. Upon his appearance he demurred to the complaint and charged that the warrant was issued improperly. The objections contained in the demurrer were properly overruled. (Code Crim. Pro., §§ 150, 321 et seq.; *People* v. *Schildhaus,* 17 Misc 2d 825.) Moreover, the papers before the court upon the issuance of the warrant were correct in form, and their contents met the requisite standards. Nor was there any abuse of discretion. (N. Y. City Crim. Cts. Act, § 116.)

Turning now to the alleged violation of section D26–3.1 of the Multiple Dwelling Code. Relator first attacks this section as unconstitutional. Article 1 of title D of the Multiple Dwelling Code sets forth the reasons, aims, necessity for and objectives sought to be achieved by the adoption of the Multiple Dwelling Code. The aims and objectives are a proper exercise of the municipality's police power for the health, protection and welfare of its inhabitants if it has the statutory power to enact such legislation. Among other matters set forth, section D26–1.0 of article 1 states: '' It is hereby found that enforcement of the laws and regulations relating to multiple dwellings has been frequently handicapped, impeded and obstructed by the absence from existing laws of effective provisions requiring adequate registration of the ownership of multiple dwellings and proper identification of the persons legally responsible for the maintenance and operation of such dwellings in accordance with law, as well as by the unavailability within the city of owners or other persons having legal responsibility for such maintenance and operation.'' Section D26–3.1, the section under attack, provides for and requires '' Registration of ownership and maximum occupancy; designation of managing agent.'' It is a proper method to achieve a desirable objective.

Sections 3, 365 and 366 of the Multiple Dwelling Law empower the city to pass such legislation. Examination of the provisions of the section attacked leads to the conclusion, and we so hold, that the power exercised was not in excess of the power conferred, and the section is constitutional. It was so held in *People* v. *Schildhaus* (17 Misc 2d 825) ; see *People* v. *Lewis* (295 N. Y. 42) ; cf. *Molnar* v. *Curtin* (273 App. Div. 322, affd. 297 N. Y. 967). The law is reasonably calculated to effectuate the desired purpose and bears a reasonable relation thereto.

Since the code section D26–3.1 did nothing which the statute prohibited, but was a proper exercise of the power granted, it was also within the power of the city to classify any violation, so long as such classification did not contravene any statutory prohibitions. This the city did.

Section D26–8.0 of article 8 declares a violation of any provision of the Multiple Dwelling Code to be an offense. It provides in the first instance, and for a first offense, that a fine of *not more than* $500 may be imposed *" or, upon failure or refusal to pay* such fine, by imprisonment for *not more than thirty days "*, etc. (emphasis added). Nothing in such provision, on its face, is abhorrent to a sense of justice or shocking to the conscience. The city has power to pass legislation to protect the health and safety of its inhabitants as long as the legislation does not conflict with State laws. There is no such conflict here. (See, also, City Home Rule, § 11; New York City Charter, § 27.)

Since the complaint as to the alleged violation of section D26–3.1 charged an offense only, the complaint as drawn was adequate under the circumstances. (See *People* v. *Scott,* 3 N Y 2d 148; *People* v. *Levine,* 308 N. Y. 685; *People* v. *Kolb,* 14 Misc 2d 976.) The charge in the complaint against the relator was definite and specific. The complainant was sworn, testified from his personal knowledge and was cross-examined at length as to what he actually observed. The relator was not deprived of any rights nor prejudiced in his exercise of the same. He participated fully, defending on the merits. We think the complaint was sufficient (see *People ex rel. Jackson* v. *Fennelly,* 5 A D 2d 71, 73) and the Magistrate had summary jurisdiction (*People* v. *Schildhaus,* 17 Misc 2d 825). (See *People* v. *Levine,* 308 N. Y. 685; *Matter of Cooley* v. *Wilder,* 234 App. Div. 256; *People* v. *Morris,* 169 Misc. 58; N. Y. City Crim. Cts. Act, §§ 100, 141; order issued by Chief Magistrate, eff. June 1, 1942.) Again, the issue of jurisdiction as to the offense having been litigated and decided adversely to relator, the decision, if erroneous, would be an error of law or irregularity which could be tested by appeal or by motion and habeas corpus would not lie.

Since the punishment decreed did not exceed that which the Magistrate was empowered to impose, the court had jurisdiction not only of the person and subject, but jurisdiction to render that particular judgment as well. The inclusion of section 80 of the Multiple Dwelling Law, though improper, was at most an excess and will not, alone, support or be sufficient grounds for habeas corpus.

Some of the court feel that the writ may not be sustained even under the conviction of section 80 of the Multiple Dwelling Law.

In light of the determination made it is unnecessary to reach that question.

Accordingly, for the reasons heretofore stated, the order appealed from is reversed, on the law, and the writ dismissed.

McNally, J. P., Eager, Steuer and Bastow, JJ., concur.

Order entered on February 26, 1959, sustaining a writ of habeas corpus and discharging the relator, unanimously reversed, on the law, and the writ dismissed.