Paula Cohen, Esq. Deputy Town Attorney, Ramapo
You have informed us that your town is considering raising the fine imposed for violations of local zoning laws. You ask whether a town is authorized to impose a minimum fine and a maximum fine as high as $5,000.
Article 16 of the Town Law authorizes zoning and planning regulations in towns. It is there provided that a violation of the provisions of the article or of any regulation adopted under its authority is an offense, punishable by a fine not exceeding $250 and/or imprisonment for a period not to exceed six months (id., § 268[1]). Each week that a violation continues constitutes a separate, additional violation (ibid.). Obviously, in order to enact the fines you have proposed, it is necessary to supercede the provisions of section 268(1) of the Town Law.
Towns have been given the authority to amend or supercede any provisions of the Town Law relating to their property affairs or government or to other matters in relation to which they are authorized to adopt local laws notwithstanding that such provision is a general law, unless the Legislature expressly has prohibited the adoption of the proposed local law (Municipal Home Rule Law, § 10[1][ii][d][3]). (Local laws must otherwise be consistent with general state laws [id., § 2(5) and § 10(1)(i) and (ii)].) In construing this provision the Appellate Division decided that towns are authorized to adopt zoning regulations by local law under the Municipal Home Rule Law and, therefore, may amend or supercede zoning provisions in Article 16 of the Town Law (Matter ofSherman v Frazier, 84 A.D.2d 401 [2d Dept, 1982]). Further, as part of their home rule powers, local governments are authorized to prescribe that violations of local laws are to constitute misdemeanors, offenses or infractions and to provide for the punishment of such violations by civil penalty, fine, forfeiture or imprisonment or by a combination of such punishments (id., § 10[4][b]). Thus, it seems clear that a town may utilize its home rule powers to supercede general provisions of law in the Town Law and thereby amend or supercede section 268(1) to increase the punishment provided by that section.
In determining the punishment for violations of zoning laws, local governments are bound by the provisions of the Penal Law governing the classification and designation of offenses (Penal Law, § 55.00;People v Wayman, 82 Misc.2d 959, 962 [Justice Ct, Town of New Windsor, Orange Co, 1975]). Therefore, in designating a violation of a local zoning law as a misdemeanor under the aforementioned provisions of the Municipal Home Rule Law, a town is bound by the provisions of the Penal Law governing the classification of misdemeanors and penalties for violations.
A misdemeanor is defined as an offense other than a traffic infraction for which a sentence to a term of imprisonment in excess of 15 days and up to one year may be imposed (Penal Law, § 10.00[4]). Misdemeanors are classified as either class A, class B or unclassified misdemeanors (id., § 55.05[2]). A municipality acting by local law to designate the violation of a local regulation as a misdemeanor may classify the offense as either a class A or class B misdemeanor (id.,
§ 55.10[2][b]). If a violation is declared to be a misdemeanor without specification of the classification or of a sentence, the offense is by law deemed to be a class A misdemeanor (ibid.). The maximum sentences and fines for class A and class B misdemeanors, respectively, have been specified (id., §§ 70.15, 80.05). In the event that a local government by local law does not designate a violation as a misdemeanor, but establishes a term of imprisonment in excess of 15 days and up to one year for a violation, the offense is deemed to be an unclassified misdemeanor (id., § 55.10[2][e]).
Thus, a local government by local law may amend section 268(1) of the Town Law to designate the violation of a zoning regulation as a misdemeanor. If the offense is designated a class A misdemeanor, the fine is to be fixed by the court but may not exceed $1,000 (id., § 80.05[1]). In the case of a class B misdemeanor, the fine is fixed by the court but may not exceed $500 (id., § 80.05[2]). In the case of an unclassified misdemeanor, the fine is fixed by the court in accordance with the provisions of the law or ordinance defining the crime (id.,
§ 80.05[3]). This subdivision recognizes that there are thousands of local and State laws outside the Penal Law that define offenses and establish fines (Hechtman, Practice Commentary, McKinney's Penal Law, § 55.10 [Main volume]). The purpose is to preserve the fines established under these many statutes (ibid.). Therefore, if you designate a violation as a class A or B misdemeanor, you may not set a minimum fine of $250 and a maximum of $5,000, since under the Penal Law the penalty is set by the court with a maximum of $1,000 and $500, respectively. However, if under the local law the offense is an unclassified misdemeanor, you may set a minimum and a maximum fine for a violation. Of course, penalties for violation of a local regulation should have a reasonable relationship to the severity of the violation and should not be abhorent to a sense of justice or shocking to the conscience (People ex rel. Siegal v Dros, 14 A.D.2d 66, 70 [1st Dept, 1961], rev on other grounds 11 N.Y.2d 167 [1962]). The reasonableness of the fine will depend on the nature of the particular zoning violation.
We conclude that a town may supercede section 268(1) of the Town Law and increase the penalties for violations of local zoning regulations subject to provisions of the Penal Law governing the classification and designation of such offenses.