Phillip R. Rumsey, Esq. Town Attorney, Cortlandville
You have asked whether a town may provide for mandatory fines for violations of local dog control regulations. Your concern is that a mandatory fine for conviction would remove the discretion of a local court to determine an appropriate fine.
Municipalities are authorized to enact local laws or ordinances regarding the keeping or running at large of dogs, may impose civil or criminal penalties for violations of the regulations and may provide for the issuance of appearance tickets in accordance with the provisions of the Criminal Procedure Law (Agriculture and Markets Law, §§ 114, 124).
In determining the fines for violations of local leash laws, the town is bound by the provisions of the Penal Law governing the various offenses (see Op Atty Gen No. 84-32). If the offense is designated by the Penal Law as a violation, the fine is to be fixed by the court, and may not exceed $250 (Penal Law, § 80.05[4]). However, in the case of a violation defined by local regulations, which include the specification of a fine, the amount of the fine is to be fixed in accordance with the local regulation (ibid.).* Thus, in the case of a violation under a local leash law, a town, consistent with the Penal Law, could provide for a mandatory fine.
If the offense is designated a class A misdemeanor, the fine is to be fixed by the court but may not exceed $1,000 (id., § 80.051[1]).**
In the case of a class B misdemeanor, the fine is fixed by the court but may not exceed $500 (id., § 80.05[2]). In the case of an unclassified misdemeanor, the fine is fixed by the court in accordance with the provisions of the local law defining the crime (id., § 80.05[3]).*
This subdivision recognizes that there are thousands of local and State laws outside the Penal Law that define offenses and establish fines (Hechtman, Practice Commentary, McKinney's Penal Law, § 55.10
[main volume]). The purpose is to preserve the fines established under these many statutes (ibid.).
Thus, if you designate the offense as a class A or B misdemeanor, you may not set a mandatory fine, since the Penal Law provides for judicial discretion. However, if under the local law the offense is an unclassified misdemeanor, the local law may set a mandatory fine as the penalty. Penalties for violation of a local regulation should have a reasonable relationship to the severity of the offense and should not be abhorent to a sense of justice or shocking to the conscience (People exrel. Siegal v Dros, 14 A.D.2d 66, 70 [1st Dept, 1961], rev on other grounds 11 N.Y.2d 167 [1962]). The reasonableness of the fine will depend on the nature of the particular leash law violation.
We conclude that the penalties for violation of a local leash law must be consistent with the provisions of the Penal Law designating the penalties for the various types of offenses.
* An offense defined outside the Penal Law for which the penalty is a term of imprisonment not in excess of 15 days or a fine is deemed to be a violation (Penal Law, § 55.10[3][a]).
** If an offense is declared to be a misdemeanor without specification of the classification or of a sentence, the offense is by law deemed to be a class A misdemeanor (id. § 55.10[2][b]).
* In the event that a local government by local law does not designate an offense as a misdemeanor, but establishes a term of imprisonment in excess of 15 days and up to one year for a violation, the offense is deemed to be an unclassified misdemeanor (id., § 55.10[2][e]).