J. Philip Zand, Esq. Village Attorney, New Paltz
You have asked whether a village may impose cumulative fines for prohibited connections to the village sewer system. Also, you inquire as to the maximum penalty a village may impose for these violations of local regulations. Your concern is that the Village Law authorizes penalties for violations of ordinances but includes no penalty provisions for violations of local laws. Your village's regulations have been enacted as local laws.
Section 20-2006 of the Village Law which provides that the trustees of a village may impose penalties for violations of ordinances adopted prior to September 1, 1974 through fines for each violation not to exceed $250 and through injunctive relief (id., § 20-2006 [1] [a]). Further, violations of zoning ordinances adopted prior to September 1, 1974 are penalized through fines and imprisonment, with fines escalating for multiple offenses within a five year period (id., § 20-2006 [1-a]). Each week's continued violation of a zoning ordinance constitutes a separate additional violation (ibid.).
You have informed us that the municipal code of your village was recodified in 1978 through the enactment of local laws. In our view, section 20-2006 does not preclude your village from enacting a local law to establish cumulative fines for violations of sewer use regulations. The current Village Law, effective September 1, 1973, eliminated the authority of villages to enact ordinances and left them with the authority to legislate through enactment of local laws. It appears that section 20-2006 of the Village Law was enacted in order to permit villages continuing to have ordinances on the books to update and revise penalties for violations of these regulations (Bill Jacket, L 1985, ch 488, Memorandum to Hon. Gerald Crotty, Counsel to the Governor from James N. Baldwin, Deputy Secretary of State).
Villages may establish regulations and penalties for violations by local law. Additionally, penalty provisions in existing local laws may be revised by local law. Utilizing their home rule powers, local governments are authorized to prescribe that violations of local laws are to constitute misdemeanors and other lesser offenses, and may provide for the punishment of such violations by penalty, fine, forfeiture or imprisonment or by a combination of such punishments (Municipal Home Rule Law, § 10 [4] [b]). However, in determining the punishment for violations of local laws, local governments are subject to the provisions of the Penal Law governing the classification and designation of offenses (Penal Law, § 55.00; People v Wayman, 82 Misc.2d 959, 962
[Justice Ct, Town of New Windsor, Orange Co, 1975]).
A village may provide that a transgression of a local law is a violation. A violation is an offense, other than a traffic infraction, for which a sentence to a term of imprisonment in excess of 15 days cannot be imposed (Penal Law, § 10.00 [3]). In the case of a violation defined in a local law, the amount of the fine is to be fixed in accordance with that local law (id., § 80.05 [4]).
In providing that an infraction of a local law is a misdemeanor, a local government is bound by the provisions of the Penal Law governing the classification of misdemeanors and penalties for violations. A misdemeanor is defined as an offense, other than a traffic infraction, for which a sentence to a term of imprisonment in excess of 15 days and up to one year may be imposed (Penal Law, § 10.00 [4]). Misdemeanors are classified as either class A, class B or unclassified misdemeanors (id., § 55.05 [2]). A municipality acting by local law to designate the violation of a local regulation as a misdemeanor may classify the offense as either a class A or class B misdemeanor (id.,
§ 55.10 [2] [b]). If an infraction is declared to be a misdemeanor without specification of the classification or of a sentence, the offense is by law deemed to be a class A misdemeanor (ibid.). The maximum sentences and fines for class A and class B misdemeanors, respectively, have been specified (id., §§ 70.15, 80.05). In the event that a local government by local law does not designate an infraction as a misdemeanor, but establishes a term of imprisonment in excess of 15 days and up to one year for the infraction, the offense is deemed to be an unclassified misdemeanor (id., § 55.10 [2] [e]).
If the offense is designated a class A misdemeanor, the fine is to be fixed by the court but may not exceed $1,000 (id., § 80.05 [1]). In the case of a class B misdemeanor, the fine is fixed by the court but may not exceed $500 (id., § 80.05 [2]). In the case of an unclassified misdemeanor, the fine is fixed by the court in accordance with the provisions of the law or ordinance defining the crime (id., § 80.05 [3]). This subdivision recognizes that there are thousands of local and State laws outside the Penal Law that define offenses and establish fines (Hechtman, Practice Commentary, McKinney's Penal Law § 55.10
[Main volume]). The purpose is to preserve the fines established under these many statutes (ibid.). Penalties for transgressions of a local regulation should have a reasonable relationship to the severity of the violation and should not be abhorrent to a sense of justice or shocking to the conscience (People ex rel. Siegal v Dros, 14 A.D.2d 66, 70 [1st Dept, 1961] rev on other grounds 11 N.Y.2d 167 [1962]). The reasonableness of the fine will depend on the nature of the particular zoning violation.
In our view, utilizing the above-recited home rule authority, a village may establish penalties for transgressions of its sewer use regulations. These penalties must be consistent with the provisions of the Penal Law governing the particular offense. The penalty must bear a reasonable relationship to the severity of the violation. We believe that the local law may provide that a continuing infraction as defined therein will constitute a separate offense (Oriental Blvd. Co. v Heller, 27 N.Y.2d 212,220 [1970]). Once again, this provision must be reasonable. CompareVillage of Southampton v Platt, 43 N.Y.2d 848 (1978), which was based on the more limited provisions of section 20-2010 (predecessor of section20-2006) of the Village Law.
Second, you informed us that the village contracts with the Town of New Paltz to treat sanitary sewage of town residents. You inquire whether the village has the authority to impose the penalties provided by the village's sewer use regulations upon town residents connecting to the village's sewer system.
In our view, the village may provide through the terms of its contract with the town for the enforcement against town users of village sewer use regulations. This could be accomplished through the agreement of town officials to enforce regulations on behalf of the village or through the grant to the village of necessary jurisdiction to enforce its regulations with respect to town users (General Municipal Law, Art 5-G, § 119-o [2] [c]).
We conclude that a village by local law may establish penalty provisions for transgressions of its sewer use regulations and may establish that continuing infractions constitute a separate offense. A village by contract with a town may provide for enforcement of the village's sewer use regulations against users in the town outside the village.