Jerome J. Jacobson, Esq. Village Attorney, Westfield
You have asked whether the enforcement of a village's parking regulations is governed by the Criminal Procedure Law.
Your letter notes that the Village of Westfield wishes to enact regulations which prohibit parking along a private roadway on the grounds of the Westfield Memorial Hospital. You have asked (1) whether the village can issue a parking ticket of its own design for violations of the new regulation; (2) whether the village can set the fine for violations of the parking regulation; and (3) whether the village can allow a motorist to mail in the fine at the time he or she pleads guilty.
Regulation of motor vehicles has been preempted by the State (Vehicle and Traffic Law, §§ 1600, 1604; People v Grant, 306 N.Y. 258, 260
[1954]). Regulation of the parking of motor vehicles, however, has been delegated to cities and villages (Vehicle and Traffic Law, §§ 1640 [a] [6], 1640-a). Section 1640 specifically delegates to cities and villages the power to "[p]rohibit, restrict or limit the stopping, standing or parking of vehicles" (id., § 1640 [a] [6]). Section 1640-a gives cities and villages similar authority to regulate parking in designated parking areas and driveways of hospitals, shopping centers, private apartment complexes and fire stations (id., § 1640-a [6]).
With regard to the design of the ticket, we believe the village has authority to create its own design. Under the Vehicle and Traffic Law, the Commissioner of Motor Vehicles has authority to prescribe the form of a uniform traffic summons and complaint (Vehicle and Traffic Law, §207). The Vehicle and Traffic Law mandates that the uniform traffic summons and complaint be used for prosecuting violations of the Vehicle and Traffic Law and certain other State laws related to motor vehicles (id., § 207 [1]). Section 207, however, specifically excludes parking, stopping and standing violations from required use of the uniform traffic summons and complaint (ibid.). Summonses for violations of a local parking regulation such as the one proposed in your letter, therefore, need not conform to the standarized form set forth in section 207).
Section 1800 of the Vehicle and Traffic Law establishes penalties for "traffic infractions", which are defined under the statute in the following way:
 "It is a traffic infraction for any person to violate any of the provisions of this chapter or of any local law, ordinance, order, rule or regulation adopted pursuant to this chapter, unless such violation is by this chapter or other law of this state declared to be a misdemeanor or a felony" (id., § 1800 [a]).
Local parking regulations, inasmuch as they are enacted pursuant to the delegation of authority from the State under sections 1640
and 1640-a of the Vehicle and Traffic Law, fall within the definition of traffic infraction as a "regulation adopted pursuant to this chapter [the Vehicle and Traffic Law]". The penalties imposed by the village, therefore, must be consistent with section 1800, which provides as follows with regard to locally-imposed regulations:
 "Every person convicted of a traffic infraction for a violation of any local law, ordinance, order, rule, regulation or administrative code provision adopted pursuant to this chapter by any local authority or continued in effect by this chapter . . . shall be punished in the same manner as has heretofore been prescribed by law unless or until otherwise prescribed by local law, ordinance or state statute" (id., § 1800[c]).
This section gives the village authority to establish penalties for violation of its parking regulations. Any penalties established by local law must, of course, have a reasonable relationship to the severity of the violation and should not be abhorrent to a sense of justice or shocking to the conscience (People ex rel. Siegal v Dros, 14 A.D.2d 66,70 [1st Dept, 1961], rev on other grounds 11 N.Y.2d 167 [1962]; 1984 Op Atty Gen [Inf] 118, 123).
Furthermore, as we have found in the past, the procedure for adjudication of traffic infractions is established by the Criminal Procedure Law (§§ 1.20 [5] [b], 100.25, 170.10) and the Vehicle and Traffic Law (§§ 1800-1809; 1986 Op Atty Gen [Inf] 62; 1985 Op Atty Gen [Inf] 153). The provisions of section 1805 of the Vehicle and Traffic Law permit a defendant to plead guilty to a traffic infraction by mail. But, with the exception of certain jurisdictions for which traffic violations bureaus have been established (see Vehicle and Traffic Law, §§ 225-228), State law does not permit the payment by mail of a pre-established fine along with a guilty plea (see Op Atty Gen No. 88-53, in which the procedures for entering pleas and setting of penalties are discussed in detail).
We conclude that a village may create a summons of its own design for violations of parking regulations. A village may establish fines for violations of parking regulations but may not permit payment of a fine, in accordance with an established fine schedule, by mail along with a plea of guilty to the offense.