Requestor: David Avstreih, Corporation Counsel City of Mount Vernon, City Hall Roosevelt Square Mount Vernon, New York 10550
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
You have asked whether a city may impose an administrative surcharge in addition to the monetary penalty imposed on violators of city regulations.
A city is authorized by the General City Law and the Municipal Home Rule Law to impose penalties for violations of its regulations. Section20 of the General City Law empowers each city
 "To regulate by ordinance any matter within the powers of the city, and to provide penalties, forfeitures and imprisonment to punish violations thereof, and to maintain an action or proceeding in a court of competent jurisdiction to compel compliance with or restrain by injunction the violation of such ordinance, notwithstanding that a penalty, forfeiture and/or imprisonment may have been provided to punish violations thereof" (General City Law, § 20[22]; Municipal Home Rule Law, § 10[4][b]; 1984 Op Atty Gen [Inf] 123).
The penalties imposed, however, must be consistent with the provisions of the Penal Law governing the classification and designation of offenses (Penal Law, § 55.00; People v Wayman, 82 Misc.2d 959, 962 [Jus Ct, Town of New Windsor, Orange Co, 1975]; 1985 Op Atty Gen [Inf] 90). For example, if a municipality designates a violation of one of its regulations as a class A misdemeanor, the penalty imposed must be consistent with the penalty for that offense which is set forth in the Penal Law — a prison sentence not to exceed one year, and/or a fine not exceeding $1,000 (Penal Law, § 70.15, 80.05). One exception to this rule occurs when a local government does not designate a violation as a misdemeanor, but establishes a term of imprisonment in excess of 15 days and up to one year for a violation. Under those circumstances, the offense is deemed to be an unclassified misdemeanor (id., § 55.10[2][e]). The Penal Law does not place any limit on the fines for unclassified misdemeanors:
 "A sentence to pay a fine for an unclassified misdemeanor shall be a sentence to pay an amount, fixed by the court, in accordance with the provisions of the law or ordinance that defines the crime" (id., § 80.05[3]; see 1988 Op Atty Gen [Inf] 65).
The penalty must, however, bear a reasonable relationship to the severity of the violation and should not be abhorrent to a sense of justice or shocking to the conscience (People ex rel. Siegal v Dros, 14 A.D.2d 66,70 [1st Dept, 1961], revd on other grnds 11 N.Y.2d 167 [1962]; 1984 Op Atty Gen [Inf] 118; 1988 Op Atty Gen [Inf] 74).
In addition to establishing sentences and penalties for offenses, the Penal Law also establishes mandatory surcharges for felonies, misdemeanors and violations (Penal Law, § 60.35).* The mandatory surcharge for violations, however, is limited to violations under the Penal Law. Violations under any law other than the Penal Law are specifically excluded from the mandatory surcharge provisions of section 60.35 (Penal Law, § 60.35[7]).
As in the case of the fines established for violations of city regulations, the surcharges established must also be consistent with the provisions of the Penal Law. Accordingly, it must charge the mandatory surcharge of $60 set forth in the Penal Law. Inasmuch as section 60.35 establishes a mandatory $60 surcharge for conviction of a "misdemeanor", we believe the charge must be imposed for all misdemeanors, class A, class B, and unclassified misdemeanors alike.
A different result is obtained for local regulations which are punishable as violations. The Penal Law establishes a mandatory surcharge only for those violations set forth in the Penal Law (id., § 60.35[7]). Inasmuch as the violations in question would derive from the city charter or administrative code, they are not covered by the mandatory surcharge provisions in section 60.35. Nevertheless, authority exists for a city to impose a mandatory surcharge for offenses classified as violations under its regulatory code.
In addition to the city's authority to impose penalties under section20 of the General City Law, the city has authority to adopt local laws relating to the "government, protection, order, conduct, safety, health and well-being of persons or property" within the city as long as those local laws are not inconsistent with the State Constitution or a general State law (NY Const, Art IX, § 2[c]; Municipal Home Rule Law, § 10[1][ii][a][12]). The Penal Law only provides for mandatory surcharges for violations set forth in the Penal Law; it is silent as to violations set forth elsewhere. A local law which establishes a mandatory surcharge for violations, therefore, would be consistent with State law. Indeed, inasmuch as mandatory surcharges are imposed on violations of the Penal Law and certain violations under the Vehicle and Traffic Law, there is no inherent bar to imposing surcharges on violations of local laws.
We conclude that a city may adopt a local law which imposes a mandatory surcharge for offenses which are classified as violations.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* Subdivision 1 of section 60.35 sets forth the following schedule of surcharges:
 "(a) a person convicted of of a felony shall pay a mandatory surcharge of one hundred dollars;
 "(b) a person convicted of a misdemeanor shall pay a mandatory surcharge of sixty dollars;
 "(c) a person convicted of a violation shall pay a mandatory surcharge of twenty-five dollars" (Penal Law, § 60.35[1]).
Section 1809 of the Vehicle and Traffic Law also establishes a mandatory surcharge for certain traffic violations.