Requestor: John Jaye Markos, Esq., Village Attorney Village of Lynbrook 269 Merrick Road Lynbrook, N Y 11563
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a municipality by local law may provide for punishment of violations of its code of ethics through the imposition of penalties of up to $1500. Also, you inquire whether the local law may authorize the initiation of a judicial proceeding seeking injunctive relief to enjoin a violation or to compel compliance with the provisions of the code of ethics. You have noted that in a prior opinion of this office, we found that a local government by local law may grant to its board of ethics investigatory and enforcement authority. Informal Opinion No. 91-68.
Local governments are specifically authorized
 "[t]o provide for the enforcement of local laws by legal or equitable proceedings . . . [and] to prescribe that violations . . . [of the local laws] shall constitute misdemeanors, offenses, or infractions and to provide for the punishment of violations thereof, by civil penalty, fine, forfeiture or imprisonment . . .".
Municipal Home Rule Law § 10(4)(b).
In determining the fines for violations of local laws, a municipality is bound by the provisions of the Penal Law governing the various offenses. Informal Opinion No. 85-30. In the case of a violation defined by local regulation, which includes the specification of a fine, the amount of the fine can be fixed in accordance with that regulation. Penal Law §80.05(4).
If the local law provides that violations constitute misdemeanors, provisions of the Penal Law define permissible fines for violations of the various grades of misdemeanors. A misdemeanor is defined as an offense other than a traffic infraction for which a sentence to a term of imprisonment in excess of 15 days and up to one year may be imposed. Penal Law § 10.00(4). Misdemeanors are classified as either class A, class B or unclassified misdemeanors. Id., § 55.05(2). A municipality acting by local law to designate the violation of a local regulation as a misdemeanor may classify the offense as either a class A or class B misdemeanor. Id., § 55.10(2)(b). If a violation is declared to be a misdemeanor without specification of the classification or of a sentence, the offense is by law deemed to be a class A misdemeanor. Ibid. The maximum sentences and fines for class A and class B misdemeanors, respectively, have been specified. Id., §§ 70.15, 80.05. In the event that a local government by local law does not designate a violation as a misdemeanor, but establishes a term of imprisonment in excess of 15 days and up to one year for a violation, the offense is deemed to be an unclassified misdemeanor. Id., § 55.10(2)(c).
If the offense is designated a class A misdemeanor, the fine is to be fixed by the court but may not exceed $1,000. Id., § 80.05(1). In the case of a class B misdemeanor, the fine is fixed by the court but may not exceed $500. Id., § 80.05(2). In the case of an unclassified misdemeanor, the fine is fixed by the court in accordance with the provisions of the law or ordinance defining the crime. Id., § 80.05(3). This subdivision recognizes that there are thousands of local and State laws outside the Penal Law that define offenses and establish fines. Hechtman, Practice Commentary, McKinney's Penal Law §55.10 (Main Volume). The purpose is to preserve the fines established under these many statutes. Ibid.
Penalties for violation of a local regulation should have a reasonable relationship to the severity of the violation and should not be abhorrent to a sense of justice or shocking to the conscience. People ex rel.Siegal v Dros, 14 A.D.2d 66, 70 (1st Dept 1961), revd on other grounds,11 N.Y.2d 167 (1962). The reasonableness of the fine will depend on the nature of the particular violation.
You have also asked whether a local law may provide for injunctive relief to stop violations of a code of ethics or to compel future compliance with the code. Section 10(4)(b) of the Municipal Home Rule Law specifically authorizes inclusion within local laws of provisions for enforcement through legal or equitable proceedings. We believe that this provision authorizes the initiation of proceedings for injunctive relief in the proper judicial forum.
We conclude that a local government by local law may provide for enforcement of violations of local ethics regulations through the imposition of fines and initiation of proceedings for equitable relief.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.